IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-83076 |
| ) | A06-8082 |
| RONALD GEORGE FRANCIS, JR., ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| NOEL J. SMITH and ) | |
| PACCAR FINANCIAL CORP., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONALD GEORGE FRANCIS, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on January 4, 2007, regarding Filing No. 27, Motion to Vacate, filed by PACCAR Financial Corp. and Filing No. 31, Resistance, filed by Noel J. Smith. Douglas D. Kluver appeared for Noel J. Smith and Jennifer Benedict appeared for PACCAR Financial Corp.

Mr. Francis, the debtor, has been involved in at least three bankruptcies in this district. The first, Case No. BK01-83704, was a Chapter 13 case filed in 1991. The second, Case No. BK02-81226, was a Chapter 13 case filed in 2002. Both of those cases have been dismissed, with the second case dismissed on August 24, 2004. The third case, Case No. BK04-83076, was filed on September 9, 2004.

During the pendency of the second case, Case No. BK02-81226, the debtor, through counsel, filed a motion to sell "real property," Filing No. 73, on February 26, 2004. As indicated, the title of the motion suggested the debtor desired to sell real estate. However, the body of the motion stated that he desired to sell a 1992 Peterbilt tractor for $7,000. The motion asserted that PACCAR Financial Corp. ("PACCAR"), the holder of a lien on the vehicle, had agreed to the sale. Notice was provided to PACCAR and others, and when the resistance date passed with no resistance having been filed, the court entered an order granting the motion and permitting the sale. That order was entered at Filing No. 74 on March 12, 2004.

Shortly thereafter, the debtor filed an amended plan which discussed the 1992 Peterbilt. PACCAR filed an objection to the plan and an assertion that it had no agreement with the debtor to the sale of the Peterbilt for $7,000. The agreement, if any, was for $10,000, and, although it appeared that the court had approved the sale, PACCAR had received no proceeds from the sale. PACCAR requested that the order authorizing the sale be vacated. At Filing No. 90, on June 18, 2004, an order was entered vacating the sale authorization.

Apparently, the debtor, at the time the motion was filed and thereafter, was engaged in

certain shenanigans with regard to the vehicle. According to the complaint filed in this adversary proceeding, the debtor had sold the vehicle to the plaintiff on or about February 9, 2004, and received $27,000 for such sale. There is no hint in the record of the second bankruptcy case or the third bankruptcy case that this court authorized the sale of the vehicle for $27,000 and there is no hint that PACCAR agreed to such sale or received the proceeds of such sale.

The second case was dismissed on August 24, 2004.

The third case, Case No. BK04-83076, was filed as a Chapter 13 case on September 9, 2004. It was converted to a Chapter 7 case on January 30, 2006. On March 14, 2006, PACCAR filed a motion for relief from stay, Filing No. 120. No resistance having been filed, the court entered an order granting relief from the automatic stay to PACCAR on April 4, 2006. On April 28, 2006, this complaint was filed. It is a request under 11 U.S.C. § 523(a) for a determination that the debtor had engaged in fraud and misrepresentation when he induced the plaintiff to pay $27,000 for the vehicle for which the defendant could not and did not provide clear title.

On February 26, 2006, the plaintiff filed a declaratory judgment action against PACCAR in the Chippewa County District Court in the State of Minnesota seeking to determine his rights to the title vis-à-vis the rights of PACCAR. On April 11, 2006, PACCAR filed its Answer and Counterclaim in the state court action. It stated that it was entitled to replevin on its collateral, the 1992 Peterbilt, and requested the immediate return of the 1992 Peterbilt from the plaintiff.

To summarize, as of April 28, 2006, the plaintiff was involved in two different courts in two different court systems with regard to two different issues. First, in the state court in Minnesota, the plaintiff brought an action for a determination of his rights with regard to the title to the vehicle. Second, the plaintiff brought an action in the bankruptcy court for the District of Nebraska to obtain a determination that the debtor owed the plaintiff $27,000 and that such obligation was non-dischargeable in the bankruptcy case.

In the Minnesota court, a preliminary determination was made by the state court judge granting possession of the vehicle to PACCAR, or in the alternative, requiring that a bond in the amount of $24,000 be posted. The plaintiff posted the bond and remains in possession of the vehicle. A jury trial on that replevin action has been scheduled for April 2007.

Shortly after the entry of the preliminary order in the Minnesota court, the plaintiff filed a motion in this adversary proceeding requesting to join PACCAR as a plaintiff. The plaintiff suggested that he could be subject to two different and irreconcilable determinations if he had to proceed in both courts and that there was an issue in the bankruptcy court with regard to whether the sale authorized in 2004 was effective to validate the ownership interest of the plaintiff over the rights of PACCAR, even though the order approving such sale had been vacated.

The motion to name PACCAR as plaintiff was not served on PACCAR. However, the court granted the motion. Thereafter, the original complaint, which did not name PACCAR as a defendant and which did not request any relief against PACCAR was served on the registered agent of PACCAR in Minnesota. Further, by letter to the state court judge, counsel for the plaintiff informed the state court judge that a joinder had been authorized and that the state court action should be stayed pending a resolution of the adversary proceeding. In response to such letter, local counsel for PACCAR in Minnesota sent a letter to the state court suggesting that procedurally and substantively the letter request for a stay was improper. The state court denied the request

for stay and, as mentioned, scheduled the matter for a jury trial.

In the meantime, counsel for the plaintiff filed a motion in the adversary proceeding requesting permission to file an amended complaint. The amended complaint proposed an alternative cause of action against PACCAR determining the rights of the plaintiff and PACCAR to title to the vehicle. That motion was not served upon PACCAR, according to counsel for the plaintiff, because PACCAR had not entered an appearance, even though having been served with summons and original complaint. The motion to amend was granted. However, the amended complaint was not served upon PACCAR. In addition, the preliminary pretrial statement in the adversary proceeding which had been filed prior to the date PACCAR was named as a party was not amended to include the issues listed in the amended complaint concerning the relief requested against PACCAR.

The Clerk of the Bankruptcy Court scheduled a trial for January 3, 2007, and did provide PACCAR with a copy of the notice of trial.

PACCAR then filed a motion to continue the January 3, 2007, trial and a motion to vacate the order joining PACCAR as a party plaintiff (Filings No. 26 & 27). Plaintiff resisted, but the court, after reviewing all the pleadings and motions, granted the continuance and scheduled a hearing on the motion to vacate for January 4, 2007.

At the hearing, all of the information described above was presented through affidavit evidence and oral argument.

The motion to vacate the order authorizing PACCAR to be joined as a party plaintiff is granted. In addition, the order authorizing the filing of an amended complaint, Filing No. 17 in the adversary proceeding, is vacated.

In April of 2006, plaintiff chose the venues in which he decided to litigate. First, he chose to bring a declaratory judgment action against PACCAR in the Minnesota state courts to obtain a determination of the ownership interest of the parties. That is a legitimate venue for the purposes of the cause of action. Second, he filed this adversary proceeding to obtain a determination of the non-dischargeability of the obligation of Mr. Francis to him. That is also a legitimate venue and the only venue in which the dischargeability action could be brought. Plaintiff's assertion that this court must determine whether the sale in February 2004 was valid, even though an order was entered vacating the authorization of the sale, is incorrect. The sale agreement between the debtor and the plaintiff occurred in February of 2004. This court was not requested to authorize any sale until the February agreement was consummated. In addition, the sale that this court was requested to authorize was a sale for $7,000, to which PACCAR had apparently agreed. In other words, the action which gives rise to the complaint for a determination of the dischargeability of the obligation of Mr. Francis to Mr. Smith for $27,000 has nothing to do with the $7,000 sale later authorized and then vacated. That being so, there is no need for Mr. Smith to deal with PACCAR in this adversary proceeding. If Mr. Smith is concerned about obtaining inconsistent results in the two different courts, the matter is easy to resolve. The state court proceeding should go forward first. When it is completed, all issues with regard to the consent of PACCAR which have been alleged by the debtor will have been resolved.

It seems unlikely that the debtor is going to participate in this adversary proceeding, since he has not been found by Mr. Smith for at least six months and has not participated in the

preparation of the preliminary pretrial statement or in any other aspect of this adversary proceeding since last summer. He submitted no documents to be used as evidence in the trial which had been scheduled for January 3, 2007, and, based upon the materials that have been submitted in support of the motion pending in this matter, it is unlikely that he has any evidence to support the allegation that PACCAR had consented in 2004 to the sale for the price suggested in the motion. In conclusion, the motion to vacate the order authorizing PACCAR to be named as a party is granted. In addition, the order authorizing the filing of an amended complaint listing a claim for relief against PACCAR is vacated. PACCAR certainly had a right to notice that plaintiff had requested permission to amend the complaint to add a claim against PACCAR. It also had an absolute right to notice that the amendment had been allowed and the amended complaint would be the complaint dealt with at trial.

By separate order, the matter of the sale of the vehicle which was property of the bankruptcy estate for $27,000 in February 2004, without court authorization, shall be referred to the United States Attorney concerning a possible violation of the federal statutes dealing with bankruptcy fraud. The Clerk shall provide a copy of this order and the referral order to counsel for the debtor who appeared in the second bankruptcy case and counsel who appeared in the third case, even though they may have withdrawn at some point in time.

IT IS ORDERED: PACCAR Financial Corp.'s motion to vacate order joining PACCAR as party plaintiff (Fil. #27) is granted. The order (Fil. #17) granting the plaintiff's first motion to amend complaint is vacated. The order (Fil. #13) granting the plaintiff's motion for PACCAR's joinder is vacated. The Clerk of the Bankruptcy Court shall provide a copy of this order to counsel for the debtor in Case No. BK02-81226 and Case No. BK04-83076, even though they may subsequently have withdrawn.

DATED this 22nd day of January ,2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
  Douglas D. Kluver
  *Jennifer Benedict
  Ronald George Francis, Jr.
  U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.