IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| RONALD GEORGE FRANCIS, JR., | ) | |
| | ) | CASE NO. BK04-83076-TJM |
| Debtor(s). | ) | A06-8082-TJM |
| NOEL J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| RONALD GEORGE FRANCIS, JR. , | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #98). No resistance was filed. The debtor is not represented by counsel. Douglas D. Kluver represents the plaintiff. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Prior to the filing of the bankruptcy petition, the debtor sold a truck to the plaintiff. The debtor was unable to give the plaintiff title to the truck at the time of the sale because PACCAR Financial held a lien interest in the truck. The plaintiff then instituted a lawsuit in Minnesota to obtain a declaratory judgment as to his ownership interest in the truck. After the debtor filed bankruptcy, the plaintiff filed this adversary proceeding seeking to have the debt excepted from discharge and, alternatively, requesting a judgment against PACCAR for breach of a contract to which the plaintiff was a third-party beneficiary. The court subsequently granted PACCAR's motion to dismiss the claims against it. The plaintiff thereafter filed this motion for summary judgment against the debtor.

The following facts are established for purposes of this motion:

1. That on or about February 4, 2004, the plaintiff, Mr. Smith, entered into an agreement with the defendant debtor, Mr. Francis, whereby Mr. Smith agreed to purchase a 1992 Peterbilt truck, Model 379, VIN 1XP5DB9X6ND317477, from Mr. Francis for the sum of $27,000.00.

2. That on or about February 9, 2004, Mr. Smith fully performed his outstanding obligations under the agreement by paying to Mr. Francis all amounts due and owing to him under the agreement and by assuming full physical possession of the truck.

      3.      That when Mr. Smith took possession of the truck, Mr. Francis represented that he held a clear title to the truck and a certificate of title would be forthcoming.

      4.      That in the weeks thereafter, Mr. Smith repeatedly requested the certificate of title from Mr. Francis and was assured by Mr. Francis that the title would be provided shortly.

      5.      That, unbeknownst to Mr. Smith at any time prior to said purchase and tender of full payment, PACCAR held a valid and superior security interest in the truck.

      6.      That, subsequent to the sale and tender of full payment, Mr. Francis informed Mr. Smith of PACCAR's lien and assured Mr. Smith that said lien would be satisfied with the money from the sale of the truck to Mr. Smith.

      7.      That Mr. Francis failed to deliver to Mr. Smith a clear title to the truck and failed to satisfy PACCAR's lien in the truck.

      8.      That Mr. Smith filed an action against PACCAR in Minnesota state court seeking a declaratory judgment as to Mr. Smith's ownership interest in the truck.

      9.      That PACCAR filed a counterclaim in said state court action asserting its security interest and requesting possession of the truck.

      10.      That the Minnesota appellate court determined that PACCAR's lien was valid and that it was entitled to possession of the truck.

      11.      That, on March 3, 2008, PACCAR recovered possession of the truck from Mr. Smith.

The plaintiff argues that the debt should be excepted from discharge because of the debtor's false representations to him regarding the PACCAR lien.

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. Universal Bank, N.A. v. Grause (In re Grause), 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing Thul v. Ophaug (In re Ophaug), 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by Field v. Mans, 516 U.S. 59 (1995)); Blue Skies, Inc. v. Preece (In re Preece), 367 B.R. 647, 652 (B.A.P. 8th Cir. 2007).

"Actual fraud, by definition, consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another – something said, done or omitted with the design of perpetrating what is known to be a cheat or deception." Merchants Nat'l Bank v. Moen (In re Moen), 238 B.R. 785, 790 (B.A.P. 8th Cir. 1999) (quoting RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1293 (5th Cir. 1995)). "A 'false pretense' involves implied misrepresentation or conduct intended to create and foster a false impression." Moen at 791 (quoting In re Guy, 101 B.R. 961, 978 (Bankr. N.D. Ind. 1988)). "[W]hen the circumstances imply a particular set of facts, and one party knows the facts to be otherwise, that party may have a duty to correct what would otherwise be a false impression. This is the basis of the 'false pretenses' provision of Section 523(a)(2)(A)." Moen at 791 (quoting In re Malcolm, 145 B.R. 259, 263 (Bankr. N.D. Ill. 1992)). False representations may be by omission or commission. Caspers v. Van Horne (In re Van Horne), 823 F.2d 1285, 1288 (8th Cir. 1987), abrogated on other grounds, Grogan v. Garner, 498 U.S. 279 (1991). A "misrepresentation" is "not only words spoken or written but also any other conduct that amounts to an assertion not in accordance with the truth." Moen at 791 (quoting LA Capitol Fed. Credit Union v. Melancon (In re Melancon), 223 B.R. 300, 308-09 (Bankr. M.D. La. 1998)). A debtor's silence regarding a material fact may constitute a false representation actionable under § 523(a)(2)(A). Moen at 791.

To amount to fraud, a statement must be made deliberately and intentionally with the intention and purpose of deceiving. Lindau v. Nelson (In re Nelson), 357 B.R. 508, 513 (B.A.P. 8th Cir. 2006). "The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." Moen, 238 B.R. at 791 (quoting Moodie-Yannotti v. Swan (In re Swan), 156 B.R. 618, 623 n.6 (Bankr. D. Minn. 1993)). "Because direct proof of intent (i.e., the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." Id. (quoting Caspers v. Van Horne (In re Van Horne), 823 F.2d 1285, 1287 (8th Cir. 1987)). The intent to deceive will be inferred when the debtor makes a false representation and knows or should know that the statement will induce another to act. Id. (quoting Federal Trade Comm'n v. Duggan (In re Duggan), 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd.

of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, the evidence establishes that the debtor told Mr. Smith at the time of the sale that he held clear title to the truck and repeatedly assured Mr. Smith he would provide a certificate of title to him. The statement about having clear title was false when the debtor made it, as he was aware of PACCAR's lien on the vehicle. His subsequent statements to Mr. Smith about satisfying PACCAR's lien to obtain the title also appear to have been false. The statements were made to persuade Mr. Smith to purchase the truck. Mr. Smith justifiably relied on the representations about the title and suffered damages as a result. Those damages consist of the price he paid for the truck, which he subsequently was required to surrender to PACCAR, as well as the attorneys' fees and costs he incurred in attempting to protect his interest in this case and the Minnesota state court case. The debtor has not demonstrated the existence of any factual dispute, as he did not respond to the motion for summary judgment, or to any of the other pleadings in this case. Mr. Smith's motion for summary judgment should be granted.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #98) is granted. Separate judgment will be entered.

DATED:    July 14, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Ronald G. Francis, Jr.
    *Douglas D. Kluver
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.